QUESTIONS: 1. Does the State Retirement Commission have the authority to appoint a single commissioner to hear a case? In addition, may the commission request that a hearing officer from the Division of Administrative Hearings conduct a hearing for the full commission? 2. In the absence of the permanent chairman of the State Retirement Commission, may the vice-chairman conduct the meetings and hearings of the commission; or, when a quorum of members is present but not the permanent chairman, may a temporary chairman be elected to serve throughout the duration of a particular meeting?
SUMMARY: The State Retirement Commission is authorized to appoint a member of the commission to hear and to enter a recommended order in an appeals hearing or it may elect to request a hearing officer from the Division of Administrative Hearings to conduct an appeals hearing. The commission is authorized to adopt rules providing for a vice-chairman to act as chairman pro tempore in the absence or the temporary incapacity to act of the elected chairman and providing for the succession to office of the chairman upon death, resignation, removal, or permanent incapacity to act. The answers to your questions are in the affirmative. AS TO QUESTION 1: The State Retirement Commission was created by Ch. 75-248, Laws of Florida, within the Department of Administration for the purpose of hearing appeals respecting applications for disability retirement, decisions on reexamination of retired members receiving disability benefits, and applications for special risk membership in the Florida Retirement System. Sections121.22 and 121.23, F. S. The commission is clearly within the definition of "agency," as described by s. 120.52(1)(b), F. S., and by such definition it comes within the purview of the Administrative Procedure Act. Also see s. 20.04(7), F. S., and cf. AGO 076-50. Moreover, s. 121.23(2), F. S., requires the commission to conduct its appeals hearings pursuant to the formal proceedings and procedures set forth in s. 120.57(1), F. S. For the purposes of its appeals hearings, the commission is expressly made "an agency head as defined by subsection 120.52(3)." Section121.23(2). Section 120.52(3), F. S., defines "agency head" for the purposes of administrative procedures as follows: "`Agency head' means the person or collegial body in a department or other governmental unit statutorily responsible for final agency action." Section 120.57(1), F. S., governs proceedings affecting the substantial interests of a party which involve disputed issues of material facts, and by virtue of s. 121.23(2), F. S., all hearings of the commission are governed by the prescribed procedures and the commission may not waive the proceedings or procedures specified in s. 120.57(1), F. S. Section 120.57(1)(a) provides that a hearing officer assigned by the Division of Administrative Hearings shall conduct all formal proceedings under that subsection, except for, among other things: 1. Hearings before agency heads other than those within the Department of Professional and Occupational Regulation; 2. Hearings before a member of an agency head other than agency heads within the Department of Professional and Occupational Regulation; * * * * * 6. Hearings in which the division [of Administrative Hearings] is a party; when the division is a party, an attorney assigned by the Administration Commission shall be the hearing officer. (Emphasis supplied.) Section 120.57(1)(b)3., F. S., permits the commission to request and use a hearing officer of the Division of Administrative Hearings to conduct a hearing, and s.120.57(1)(b)8., F. S., requires the hearing officer so selected to: . . . complete and submit to the [commission] and all parties a recommended order consisting of his findings of fact, conclusions of law, interpretation of administrative rules, recommended penalty, if applicable, and any other information required by law or agency rule to be contained in the final order. The [commission] shall allow each party at least 10 days in which to submit written exceptions to the recommended order. The commission may adopt the recommended order as its final order or reject or modify the conclusions of law and the findings of fact if it determines that the findings are not based on competent substantial evidence. Section 120.57(1)(b)9., F. S. In addition to the above procedures, s. 120.57(1)(b)11., F. S., permits "a hearing officer who is a member" of the commission to "participate in the formulation of the agency's final order, provided he has completed all his duties as hearing officer." The procedures under s. 120.57, F. S., must be read in conjunction with s. 120.58, F. S., which sets forth guidelines regarding evidence, crossexamination when testimony is taken or documents are made part of the record, subpoenas, and the rendition of a final order when a majority of the commission has neither heard the case nor read the record. The commission is responsible for final agency action, which includes the whole or part of a final order (see s.120.52(2) and (9), F. S.) issued by the head of an agency pursuant to ss. 120.57(1) and 120.59, F. S.; it is an "agency head" as defined in s. 120.52(3), F. S.; and its actions pursuant to s.121.23(3), F. S., are reviewable by the First District Court of Appeal. Therefore, in view of the foregoing authorities, it is clear that the commission may appoint or assign a single commissioner to conduct the hearings for the commission. As a hearing officer, he shall act accordingly and shall submit a recommended order pursuant to law. The commission may elect to have a hearing officer of the Division of Administrative Hearings conduct such hearings and make recommended orders on which the commission shall make a final determination. The commission, however, must make known its election to the Division of Administrative Hearings regarding a hearing officer within 10 days of the receipt of the petition or hearing request, requesting the assignment and setting the time, date, and place for the hearing with the concurrence of the division. AS TO QUESTION 2: As discussed above, the State Retirement Commission comes within the purview of the Administrative Procedure Act. Thus, as an agency, it is legislatively directed by s. 120.53, F. S., to adopt certain rules of organization, operation, practice, procedure, and the scheduling of meetings and hearings and agendas therefor. Pursuant to s. 121.24(3), F. S., the Division of Retirement of the Department of Administration is required to furnish to the commission administrative and secretarial assistance necessary to the effectuation and implementation of s. 120.53. It is also statutorily authorized by s. 121.24(1)(b) to organize and operate within the following guidelines: The commission shall elect a chairman and such other officers as it deems necessary. The chairman shall conduct the meetings and hearings of the commission and shall take whatever action is necessary to ensure that the business of the commission is conducted in an equitable, orderly, and expeditious manner. All parties shall abide by the chairman's decisions, unless the chairman is overruled by a majority of members present. The word "shall" in a statute has, according to its normal usage, a mandatory connotation. Neal v. Bryant,149 So.2d 529 (Fla. 1962). However, the general rule is that where mandatory words or provisions are used in statutes defining the duties of administrative officers, such words or provisions may be construed as directory only, unless the body of the act is indicative of the contrary intent. Apgar v. Wilkinson, 116 So. 78
(Fla. 1928). When a particular provision of a statute relates to some immaterial matter, compliance with which is a matter of convenience, rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly and prompt conduct of business, the provision may generally be regarded as directory. Reid v. Southern Development Co.,42 So. 206 (Fla. 1906). Cf. AGO 075-79. I find no substantive provision in ss. 121.22-121.24, F. S., or express legislative intent therein requiring the language thereof to be mandatorily construed. Rather, it appears such language is directory or advisory in nature, allowing the board to properly, orderly, and promptly conduct its business. Moreover, s. 120.53, F. S., requires the commission to adopt rules governing its organization and operations and rules of practice and procedure controlling the conduct of the appeals hearings by and before it. Regulations and rules of procedure, when not otherwise prescribed by statute, may be adopted by a public, corporate, politic, or other deliberative body and, in the absence of such procedures, general rules of parliamentary law prevail. 62 C.J.S. Municipal Corporations s. 400, 67 C.J.S. Parliamentary Law s. 3. Accord: Witherspoon v. State, 103 So. 134 (Miss. 1925); Crawford v. Gilchrist, 59 So. 963
(Fla. 1912). Where lawful authority exists, an administrative agency may adopt its own mode or form of organization. 73 C.J.S. Public Administrative Bodies and Procedure s. 19; State v. State Board of Administration, 25 So.2d 880 (Fla. 1946). Also see 62 C.J.S. Municipal Corporations s. 389 and s. 120.53, F. S. Section121.24, F. S., does not specify that the chairman shall be elected at any particular time, and the commission may elect a chairman at any meeting at which four or more of its members are present. See Brewer v. Kellum, 50 So. 581 (Fla. 1909). Neither does the statute specify the term of office for the presiding officer of the commission, nor provide for his or her succession in office upon the permanent or temporary inability or incapacity to act as such presiding officer. The statute does not prescribe any authority or duties of the "other officers" the commission may deem necessary to the conduct of its business, nor does it prohibit such "other officers" acting as chairman or presiding officer pro tem of the commission during the permanent or temporary absence or incapacity of its elected presiding officer. Therefore, the commission may adopt reasonable rules in conformity with the Administrative Procedure Act with respect to the time and method of selecting its officers, their respective terms of office, and their powers and duties as officers of the commission in the absence of a specific statutory enactment to the contrary. These rules may provide for the vice-chairman to "automatically" act and serve as chairman pro tempore upon the temporary absence or incapacity to act or the recusal of the elected chairman and may also provide for the succession to the office of chairman of the commission upon the permanent incapacity or death or the resignation or removal of the elected chairman or provide for the election of an active or interim chairman to serve until the next reorganization. See AGO's 074-6 and 075-79. The chairman of the commission acts merely as the board's presiding officer and as its agency for the performance of certain duties incidental to and devolving upon the office. This authority to act is in accordance with the duly adopted rules of the commission in the absence of any statutory prescription by the Legislature. Consequently, this office is a means by which the commission exercises its functions and powers in an orderly and convenient way. Section 121.24(1)(b), F. S., authorizes the chairman to "conduct the meetings and hearings of the commission" and to "take whatever action is necessary" for the proper functioning of the commission. This authority given to the chairman indicates a need for rules regarding the succession of chairmen in the conduct of the board's business. These rules would be in the nature of bylaws for the convenient and orderly conduct of its own proceedings and would assist the board in its mode or manner of carrying out its statutorily assigned duties and functions; also, it would facilitate the expeditious performance of such duties. Any such rules should, of course, conform to ss.120.52(14), 120.53, 120.54, and 120.55, F. S., or such parts thereof as may be applicable to the organization, procedure, or practice of administrative agencies of state government.